UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MOSES SINGER
on behalf of himself and
all other similarly situated consumers

                      Plaintiff,

    -against-


MULLOOLY, JEFFREY, ROONEY & FLYNN LLP

                      Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Moses Singer seeks redress for the illegal practices of Mullooly, Jeffrey, Rooney & Flynn LLP, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Syosset, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Moses Singer*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about October 18, 2021, Plaintiff received a summons and complaint from Mullooly, Jeffrey, Rooney & Flynn LLP, filed on behalf of York Anesthesiologists PLLC ("York") which *inter alia* stated: "Defendant(s) failed and refused to perform leaving a balance due pursuant to said agreement of $1,290.60."  (see attached Exhibits)

11. This statement misrepresented to the Plaintiff that his insurance company was refusing to take care of the relevant medical bill(s), without having any knowledge regarding whether or not this was actually the case.

12. The alleged debt was non-existent.

13. The Plaintiff would certainly not have agreed to any medical services that would not be covered by insurance.

14. A valid debt for medical services "only rests upon a showing by the provider that the services were performed and accepted with the understanding on both sides that there was a fee obligation." Shapira v United Med. Serv., 15 NY2d 200, 210, 205 NE2d 293, 257 NYS2d 150 (Court of Appeals of New York 1965); Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection

   1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

15. Defendant is well aware that any implied contract can only rest upon a showing by the provider, that the services were performed and accepted with the understanding of both sides that there was a fee obligation.

16. At no time, did Plaintiff enter into contract with the alleged creditor, nor did he sign any agreement with the creditor.

17. The Plaintiff did in fact, visit York and during the visit, had provided his insurance; however, he did not request any medical services which would not be entirely covered by the medical insurance or which would result in any fee obligation.

18. The account that Defendant was seeking to collect upon was non-existent; Defendant made Plaintiff believe that he in fact owed such an amount to York when it was not the case.

19. Defendant violated 15 U.S.C. § 1692e(10) by misrepresenting that Plaintiff's insurance company was unwilling to assist Plaintiff in connection with his medical bills.

20. Defendant's deceptive language misleads the debtor in to believing that his cannot resolve this debt with his insurance company.

21. Even if this statement is true the letter deceptively conveys to the consumer that because debt has been "processed" by insurance that this debt is absolute and is the "obligation of the responsible party," misleading the consumer to believe that there would be no point in contacting either the medical provider, or the debtor's insurance provider(s), when in fact a myriad of possibilities exist in which such medical debts are in error.

22. By way of a few limited examples:

      a) The debtors' insurance company may have made an error in processing,

      b) The medical provider may have made in error in overcharging.

      c) Payment may have been misapplied by either the insurance company or medical provider.

      d) The debtor may have secondary insurance that would cover this charge. The different possibilities of resolving this debt go on and on.

23. The FDCPA at section 1692e(10) prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. The said lawsuit filed against the Mr. Singer was an effort to coerce him into making a payment on the subject debt.  Defendant deceptively and misleadingly represented that it possessed and reviewed information regarding insurance matters related to the debt, and the lawsuit implied that Defendant had personal knowledge that Plaintiff's insurance company would not pay the debt; even a literally true statement may convey a misleading impression in violation of section 1692e(10).

25. It is well settled that that the failure to disclose information is deceptive, if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous.

26. In an effort to coerce Plaintiff into making a payment, Defendant deceptively and misleadingly represented that Plaintiff's Insurance Company refused to pay the debt that it sought to collect.

27. If the debt collector in fact has no actual knowledge on which to base the assertion at the

time it is made, then the statement is inherently deceptive.[1]

28. Despite Defendant's careless lack of knowledge, it made such statements with reckless disregard for its truth, with the sole objective of coaxing Plaintiff into paying the obligation allegedly due.

29. This inherently deceptive and misleading statements used in connection with the collection of a debt violates 15 U.S.C. § 1692e.

30. Defendant violated the FDCPA at Section 1692e(10) by misrepresenting to Plaintiff that his insurance company was unwilling to assist his in connection with his medical bills – thus, he must pay to the Defendant the amount requested.

31. Defendant represented that Plaintiff's insurance company had processed his claim and that they would not cover the alleged debt, when Defendant had no factual basis with which to make such representation.[2]

32. Defendant is liable for its misrepresentations even if the-unsubstantiated statements subsequently turn out to be true, since a debt collector cannot justify any groundless statements made in an attempt to coerce payment from a consumer, so long as that debt collector is lucky enough to learn later that the statements made absent foundation were not literally false.

---

[1] See Forsberg v. Fidelity Nat. Credit Services, Ltd., 2004 WL 3510771, at *5 (S.D. Cal. Feb. 26, 2004). ("even literally true statements . . . are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive.") (alterations omitted).

[2] See Ponce v. BCA Fin. Servs., Inc., 2012 WL 470213 (11th Cir. Feb.14, 2012). ("The district court rejected [The debt collectors] argument that because it is not disputed that no insurance company has paid the medical bill despite attempts by the medical provider to obtain payment, [The debt collectors] statement ["sir, your insurance company will not go ahead and take care of this now,"] was indeed true, and therefore, cannot be deemed to have been false or misleading. The district court noted that our circuit has evaluated FDCPA's claims under the "least sophisticated consumer" standard. Here, although [The debt collector] based her statement on her general experience about insurance claims, she had no particular information to support her statement about [the debtor] insurance, and therefore, the district court concluded that she based her statement on an assumption which was meant to coax [the debtor] into paying the bill. We see no reversible error in the district court's conclusion that this statement would have been misleading to the least sophisticated consumer and therefore violated § 1692e(10).")

33. Debt collectors who convey literal truths, partial truths, or ambiguous statements to consumers are still in violation of the FDCPA if they are misleading. Under § 1692e, a debt collector's statement must not only be true, it must also avoid ambiguity and unnecessary bullying or intimidation.[3]

34. Defendant's statement would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Second Circuit in *Clomon v. Jackson, 988 F. 2d 1314 - Court of Appeals, 2nd Circuit 1993.*[4]

35. Here, although the debt collector based its statement on the general experience about insurance claims, the collector has no particular information to support its statement about the debtor's insurance, and therefore, the collector based its statement on an assumption which was meant to coax the debtor into paying the bill. This statement is misleading to the least sophisticated consumer and therefore violated § 1692e(10).[5]

---

[3] Russell v. Equifax A.R.S., 74 F.3d 30, 32 (2d Cir. 1996). ("[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."); *Forsberg v. Fidelity Nat'l Credit Serv. Ltd.,* Case No. 03-cv-2193, 2004 WL 3510771, at *6 (S.D. Cal. Feb. 26, 2004) (suggesting that defendant debt collector's "bluffing" in an "attempt to pressure and intimidate plaintiff" would constitute a violation of § 1692e(10)); *Cacace,* 775 F. Supp. at 506 (entering summary judgment for plaintiffs in FDCPA case under § 1692e where debt collector inaccurately threatened that if it brought action against plaintiffs, then the commencement of litigation would automatically cause attachment of plaintiff's property); *Rosa v. Gaynor,* 784 F. Supp. 1, 4 (D. Conn. 1989) (holding that a letter that created a "false sense of urgency" and listed "intimidating" and "bullying" remedies was unlawfully deceptive)

[4] In Ponce v. BCA Financial Services, Inc., Docket No. 33 1:10-cv-20337 (S.D. Fla. May 24, 2011). the Defendant asserted that its statement to Plaintiff (that his insurance would not cover his outstanding bill) would not have deceived the "least sophisticated consumer" or any consumer because it was true and it was undisputed that no insurance company come forward to pay Plaintiff's bill, and the original creditor had provided a sworn affidavit that it exhausted all opportunities to obtain payment from any insurance provider before. The court stated: "I can only conclude that [the debt collector] told Plaintiff that his insurance company would not cover his bills in order to coax him into making a payment. Rather than field his many questions or alleviate his obvious confusion about the underlying charges and the insurance company's refusal to pay them, [the debt collector] simply invented a reason to terminate the conversation and disguised it as personal knowledge: "Well, sir your insurance company will not go ahead and take care of this now."… I find that [the debt collectors] statement would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Eleventh Circuit in *Jeter*." **Affirmed by Ponce v. BCA Fin. Servs., Inc., 2012 WL 470213 (11th Cir. Feb.14, 2012)**

[5] See. Ponce v. BCA Financial Services, Inc., Docket No. 33 1:10-cv-20337 (S.D. Fla. May 24, 2011). ("This position does not comport with common sense. Adopting it would permit [the debt collector] to summarily obtain $378.35 from [the debtor] based on nothing more than an assumption that happened to be correct.") Affirmed by *Ponce v. BCA Fin. Servs.*, Inc., 2012 WL 470213 (11th Cir. Feb.14, 2012)

36. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

37. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

38. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

39. Plaintiff suffered actual damages, including but not limited to: pecuniary expenses from being forced to hire an attorney, undue stress and anxiety as a result of the Defendant's violations of the FDCPA.

40. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

41. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

42. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

43. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his

right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

45. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

46. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

47. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty-six (46) as if set forth fully in this cause of action.

48. This cause of action is brought on behalf of Plaintiff and the members of a class.

49. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a summons and complaint in substantially the same form letter as the one sent to the Plaintiff on or about October 15, 2021; and (a) the lawsuit was sent to a consumer seeking payment of a personal debt purportedly owed to York Anesthesiologists PLLC; and (b) the Plaintiff asserts that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

50. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form summons and complaint is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such legal documents (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

51. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

52. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

53. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

54. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

55. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

  A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

  B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

  C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
October 19, 2021

     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

# EXHIBITS

...CITY OF NEW YORK

...ANESTHESIOLOGISTS PLLC

                Plaintiff,

MOSES SINGER

-Against-      INDEX#:
                MJRF#:  02153841
                Defendant(s)

## COMPLAINT

Plaintiff, by its attorneys, complaining of the defendant(s), upon information and belief respectfully alleges:

1. Plaintiff is a Professional Limited Liability Company authorized to do business in this state. Plaintiff is not required to be licensed by the NYC Department of Consumer Affairs, because it is an original creditor.
2. That the defendant(s) resides in the county in which this action is brought; or that the defendant(s) transacted business within the county in which this action is brought in person or through his/her agent and that the instant cause of action arose out of the said transaction.
3. The heretofore, plaintiff and defendant(s) entered into an agreement for work, labor and services for date of treatment on or about 07/02/20.
4. Plaintiff duly performed all conditions on its part under the agreement.
5. Defendant(s) failed and refused to perform leaving a balance due pursuant to said agreement of $1,290.60.

### SECOND CAUSE OF ACTION

6. That heretofore, plaintiff rendered to defendant(s) monthly, full and true accounts of the indebtedness owing by the defendant(s) as a result of the above agreement, in an amount as herein above set forth which account statements were delivered to and accepted without objection by the defendant(s) resulting in an account stated for the amount set forth above.

WHEREFORE, Plaintiff demands judgment against defendant(s) for the sum of $1,290.60 together with costs and disbursements.

Respectfully submitted,

Dated: October 12, 2021

*Jonathan Valle* (signature)
JONATHAN VALLE
MULLOOLY, JEFFREY, ROONEY & FLYNN LLP
Attorneys for Plaintiff
6851 Jericho Tpke, Suite 220
Syosset, NY 11791-9036
(516) 656-5300

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

(W1C_C)    FB

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
------------------------------------------------X

YORK ANESTHESIOLOGISTS PLLC

                Plaintiff,

-Against-

MOSES SINGER

                Defendant(s)
------------------------------------------------X

**SUMMONS**

Court Index#: 25102 KCV2021
MJRF#: 02153841
Filed: 10/15/21

Plaintiff's Address:
350 EAST 17TH STREET SUITE 3BH55
NEW YORK, NY 10003

Defendant's Address:
580 CROWN ST
APT 404
BROOKLYN, NY 11213

The basis of the venue is:

DEFENDANT RESIDES IN THE COUNTY

TO THE ABOVE NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED**
to appear in the Civil Court of City of the New York, County of KINGS at the office of the Clerk of said court at 141 LIVINGSTON STREET in the County of KINGS City and State of New York 11201, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk.

Upon your failure to answer, judgment will be taken against you for the sum of $1,290.60 together with costs of this action.

Dated: October 12, 2021

JONATHAN VALLE
MULLOOLY, JEFFREY, ROONEY & FLYNN LLP
Attorneys for Plaintiff
6851 Jericho Tpke, Suite 220
P.O. BOX 9036
Syosset, NY 11791-9036
(516)656-5300

**NOTE: The law provides that:**
(a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or
(b) If this summons is served by delivery to any person other than you personally or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

(W1C) 0049PP